IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAVGEN, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MYRIAD GENETICS, INC. and ) <br> MYRIAD WOMEN'S HEALTH, INC., ) <br> ) <br> Defendants. ) | C.A. No. 20-1730 (RGA) (JLH) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STAY
<u>PENDING INSTITUTED *INTER PARTES* REVIEWS</u>**

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP <br> Jack B. Blumenfeld (#1014) <br> Jeremy A. Tigan (#5239) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE  19899 <br> (302) 658-9200 <br> jblumenfeld@morrisnichols.com <br> jtigan@morrisnichols.com |
| OF COUNSEL: | *Attorneys for Defendants* |
| Peter J. Armenio <br> WHITE & CASE LLP <br> 1221 Avenue of the Americas <br> New York, NY 10020-1095 <br> (212) 819-8200 | |
| Anne S. Toker <br> QUINN EMANUEL URQUHART <br>   & SULLIVAN, LLP <br> 51 Madison Avenue, 22nd Floor <br> New York, NY  10010 <br> (212) 849-7000 | |
| December 20, 2021 | |

**TABLE OF CONTENTS**

                                                             **Page**

I.     INTRODUCTION ............................................................................................................1

II.    ARGUMENT....................................................................................................................2

        A.     Ravgen Will Not Be Prejudiced By A Stay. ..........................................................2

        B.     A Stay Would Narrow And Simplify The Issues.......................................................4

        C.     This Case Is In The Early Stages. .........................................................................7

III.   CONCLUSION................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
   No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016)..................................................5

*AgroFresh, Inc. v. Essentiv LLC*,
   No. 16-662-MN, 2019 WL 2327654 (D. Del. May 31, 2019)..................................................3

*AIP Acquisition LLC v. Level 3 Commc'ns LLC*,
   No. 12-617-GMS, 2014 WL 12642000 (D. Del. Jan. 9, 2014) ................................................6

*Bio-Rad Labs, Inc. v. 10X Genomics, Inc.*,
   No. 18-1679-RGA, 2020 WL 2849989 (D. Del. June 2, 2020)............................................7, 8

*BodyMedia, Inc. v. Basis Science, Inc.*,
   No. 12-133-GMS, 2013 WL 2462105 (D. Del. June 6, 2013) ................................................3

*British Telecommc'ns PLC v. IAC/InterActiveCorp*,
   No. 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019) ..........................................3, 4

*Ethicon LLC v. Intuitive Surgical, Inc.*,
   No. 17-871-LPS, 2019 WL 1276029 (D. Del. Mar. 20, 2019)..................................................5

*Huvepharma EOOD v. Associated British Foods, PLC*,
   No. 18-129-RGA, 2019 WL 3802472 (D. Del. Aug. 13, 2019) ...............................................5

*IOENGINE LLC v. PayPal Holdings, Inc.*,
   No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ..............................................6

*Miics & Partners Am., Inc. v. Toshiba Corp.*,
   No. 14-803-RGA, 2015 WL 9854845 (D. Del. Aug. 11, 2015) ...............................................4

*Monterey Research LLC v. Nanya Tech. Corp.*,
   No. 19-2090-NQA, D.I. 84 (D. Del. June 25, 2021) ................................................................9

*Neste Oil OYJ v. Dynamic Fuels LLC*,
   No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ................................................6

*SenoRx, Inc. v. Hologic, Inc.*,
   No. 12-173-LPS-CJB, 2013 WL 144255 (D. Del. Jan. 11, 2013)............................................8

*SoftView LLC v. Apple, Inc.*,
   No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012)..................................................8

*Softview LLC v. Apple, Inc.*,
   No. 12-989-LPS, 2013 WL 4757831 (D. Del. Sept. 4, 2013) .................................................. 5

*Stryker Corp. v. MicroVention, Inc.*,
   No. 21-36-CFC, D.I. 73 (D. Del. Dec. 13, 2021) ................................................................. 8

**Rules and Statutes**

35 U.S.C. §§ 102, 103 and 112 ......................................................................................................... 6

**I.    INTRODUCTION**

In its opening brief, Myriad explained the reasons why this case should be stayed. Those reasons are now even more numerous, because on December 14, 2021, the PTAB instituted a fifth *inter partes* review of the asserted patents in this case. Ex. A. That fifth IPR includes the one asserted claim in this case that was not yet subject to IPR review – claim 22 of the '720 patent. *Id.* As a result, every one of the 39 claims that Ravgen asserts against Myriad in this case is now in IPR. According to published USPTO statistics, as of September 2020, the PTAB cancelled at least one claim in over 83% of patents receiving an IPR final written decision. Ex. B at 17 (345 out of 413). Based on those statistics, ***any one*** of the five instituted IPRs is likely to simplify the issues in this case. Taken together, ***all five*** instituted IPRs make it likely that the PTAB will not just simplify the issues in this case, but dispose of the case in its entirety. As a result – and given Myriad's willingness to stipulate to an estoppel on 27 invalidity grounds – it is beyond reasonable dispute that a stay will simplify the issues in this case.

Perhaps recognizing this, Ravgen focuses its opposition on the assertion that it competes with Myriad and would allegedly be prejudiced by a stay. Ravgen bases this assertion on one portion of its website. Ravgen omits, however, the other portion of its website that explains that its Down syndrome testing product is, after more than a decade, still in the development stage. Ex. C. Ravgen's development stage product does not, and cannot, compete with Myriad. Moreover, Ravgen admits in its opposition that it waited over two years to sue and has not moved for a preliminary injunction. If Ravgen were in competition with Myriad, it would have behaved much differently. Lastly, Ravgen ignores the numerous other commercial entities it has sued. Whether or not this case is stayed, those entities will still be in the market. Ravgen fails to address this fact, which undercuts any assertion that a stay would create prejudice based on competition.

With no real argument regarding the simplification of issues or prejudice factors, Ravgen seeks to quibble over whether this case is still in its "early" stages. Ravgen, however, cannot dispute that claim construction briefing is barely underway, initial written discovery requests were only recently served, the substantial completion of document production deadline is not until mid-February 2022, expert discovery does not start until October 2022, and trial is some 21 months away. A stay is appropriate, and Myriad respectfully requests that it be entered.

## II.   ARGUMENT

### A.   Ravgen Will Not Be Prejudiced By A Stay.

Ravgen's lead argument against the requested stay is that "there is a least a fair possibility" it would be prejudiced. To be clear though, Myriad and Ravgen are not competitors, let alone direct competitors; nor is Ravgen a "participant[] in the [same] non-invasive prenatal testing market," as it claims. Ans. Br. at 4. Rather, Ravgen is merely ***developing*** a product that ***might*** compete with Myriad in the future. Indeed, Ravgen's website notes that it "has spent over a decade developing noninvasive prenatal Down testing [that] continues to be under research and development at this time." *See* https://ravgen.com/prenatal-single-gene-tests/ (Ex. C, retrieved on December 20, 2021).

Ravgen claims that it "offers prenatal Down syndrome testing and single gene disorder testing" (Ans. Br. at 4-5), but the "prenatal single gene tests" page on its website reveals that this is merely Ravgen's "goal." Ex. C. There are no tests or products offered for sale on Ravgen's website, nor, to Myriad's knowledge, are there any Ravgen tests or products being promoted or sold to doctors or hospitals. Ravgen notes that both it "and Myriad have laboratories accredited by the College of American Pathologists in the United States for performing their non-invasive prenatal testing" (Ans. Br. at 5), but having an accredited laboratory has nothing to do with the

parties' relationship in the market. If it did, Ravgen is competing with the A.I. DuPont Hospital for Children, BayHealth Medical Center, Beebe Healthcare, Christiana Care, the Delaware Center for Digestive Care, Doctors Pathology Services, the Dover Air Force Base, the Helen F. Graham Cancer Center, and St. Francis Hospital in Delaware alone. https://www.cap.org/laboratory-improvement/accreditation/accredited-laboratory-and-biorepository-directory/ (Ex. D, retrieved on December 20, 2021). In other words, this point is irrelevant to competition in the market.

Courts have found that where the non-movant is not actually selling products on the market, the parties are not direct competitors for purposes of assessing a stay request. *BodyMedia, Inc. v. Basis Science, Inc.*, No. 12-133-GMS, 2013 WL 2462105, at *1 n.1 (D. Del. June 6, 2013) (rejecting patentee's argument that the parties were direct competitors where the alleged infringer had not yet sold its product, even though it had marketed the product at trade shows, advertised the product, and discussed its intent to launch); *AgroFresh, Inc. v. Essentiv LLC*, No. 16-662-MN, 2019 WL 2327654, at *3 (D. Del. May 31, 2019) ("[T]here is no dispute that the parties are not currently competing. Defendants are not on the market and have not been on the market since some time in 2017. Thus, AgroFresh's damages, if any, are monetary and can be accommodated by the award of interest if it ultimately prevails."); *see also British Telecommc'ns PLC v. IAC/InterActiveCorp*, No. 18-366-WCB, 2019 WL 4740156, at *6 (D. Del. Sept. 27, 2019) ("[A]s to the relationship between the parties, it appears that British Telecom does not compete with Vimeo with regard to the activities as to which British Telecom has alleged infringement. . . . The relationship of the parties therefore does not cut against issuance of a stay.").

Ravgen, moreover, has not acted as though the parties are direct competitors. Ravgen filed its complaint in this case more than a decade after the asserted patents issued and years after the launch of the accused product. Indeed, Ravgen admits that it delayed filing suit for two years after

3

Myriad acquired Counsyl in 2018.  Ans. Br. at 1.  Ravgen did not seek a preliminary injunction and waited six months after the Scheduling Order was entered to serve written discovery requests.  These are not the actions of a competitor concerned about losing market share, and Ravgen did not address these points in its Answering Brief.  Thus, it is unrebutted that monetary damages will be sufficient to cure any delay, and any purported prejudice will not be "undue."  *Miics & Partners Am., Inc. v. Toshiba Corp.*, No. 14-803-RGA, 2015 WL 9854845, at *1 (D. Del. Aug. 11, 2015) ("Plaintiffs are not competitors of the defendants, and . . . are realistically looking only for monetary damages.  It does not appear that they will suffer any undue prejudice if the motion is granted.").

Ravgen's remaining prejudice argument is that a stay will somehow hinder it in timely enforcing its patent rights because other "parties are presumably holding out hope that a defendant with whom Ravgen is already engaged in litigation might invalidate Ravgen's patents."  Ans. Br. at 6.  Ravgen's "prompt enforcement" argument is "insufficient, standing alone, to defeat a stay motion."  *British Telecommc'ns*, 2019 WL 4740156, at *6.  It also makes no sense on the facts at bar.  The five IPRs will proceed regardless of the requested stay.  So will challenges to Ravgen's patents by other defendants, in Delaware and elsewhere.  Staying this case will not cloud the prospects for Ravgen's patents.  With an almost unheard of five instituted IPRs, potential licensees already know that Ravgen's patents are suspect, a fact that will remain regardless of a stay.

    **B. A Stay Would Narrow And Simplify The Issues.**

Ravgen's Answering Brief relies heavily on the argument that IPR had not yet been instituted on all 39 of the asserted claims in this case.  On December 14, 2021, however, the PTAB instituted IPR proceedings on the last remaining claim, meaning every single claim Ravgen has asserted against Myriad is now subject to IPR.  Ex. A.  Courts have found that issue simplification

is all but guaranteed where the PTAB has instituted IPR on every claim asserted. *See, e.g.*, *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, No. 15-595-LPS, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016) ("There is a very strong likelihood that the IPR proceedings will simplify the issues for trial. This is primarily because the PTAB has granted review with respect to every asserted claim of all three patents-in-suit."). If the PTAB finds all of the challenged claims to be invalid, then the "litigation would be 'simplified' because it would be concluded." *Id.* (quoting *Softview LLC v. Apple, Inc.*, No. 12-989-LPS, 2013 WL 4757831, at *1 (D. Del. Sept. 4, 2013)). "Alternatively, should even some of the asserted claims be found invalid, that finding would reduce the number of issues left to be litigated." *Id.* (citation omitted); *see also Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17-871-LPS, 2019 WL 1276029, at *2 (D. Del. Mar. 20, 2019) ("A stay will simplify the case because a PTAB decision will reduce and/or clarify issues the Court would otherwise address, including in connection with dispositive motions and trial.").

Ravgen complains that Myriad has not itself petitioned for IPR, and thus is not subject to statutory IPR estoppel. But with five IPRs instituted and three more IPR petitions pending – all filed well within a year from Ravgen's December 21, 2020 Complaint against Myriad – there is no need for yet another IPR petition. Indeed, Ravgen argued to the PTAB that it should not institute the fifth IPR given the prior IPR institutions. Ex. A (Institution Decision) at 27-29.

Ravgen asserts that Myriad's proposed limited IPR estoppel will not narrow the validity issues for trial. In doing so, however, Ravgen concedes that Myriad's limited IPR estoppel covers some 27 grounds of invalidity. Ravgen notes that the scope of validity issues in this litigation is broader than the scope of issues in the IPRs. Ans. Br. at 7. But to warrant a stay, the validity issues for trial need not be fully resolved or even mostly resolved. The stay need only lead to simplification of the issues. *See Huvepharma EOOD v. Associated British Foods, PLC*, No. 18-

5

129-RGA, 2019 WL 3802472, at *1 (D. Del. Aug. 13, 2019) (finding that a stay would "simplify the issues by, at a minimum, removing some or all anticipation and obviousness issues from trial"). This is guaranteed to occur here because Myriad's proposed IPR estoppel would remove 27 grounds of invalidity from the case. Judges in this District have found similar partial estoppels to result in issue simplification. *See., e.g.*, *AIP Acquisition LLC v. Level 3 Commc'ns LLC*, No. 12-617-GMS, 2014 WL 12642000, at *2 (D. Del. Jan. 9, 2014) ("Issues in the Cable Cases will also be simplified at trial because the Cable defendants have stipulated to a limited estoppel based upon invalidity arguments considered in the IPR proceeding that lead to a final, non-appealable judgment."); *IOENGINE LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 3943058, at *9 (D. Del. Aug. 21, 2019).

The mere fact that a defendant has raised other defenses not subject to IPR proceedings does not mean issue simplification will not occur. As the court in *IOENGINE* explained:

> Because an IPR is restricted to determining patentability under sections 102 and 103 of the Patent Act on the basis of prior art consisting of patents or printed publications . . . issues of patent eligibility, inequitable conduct, and validity under section 112 of the Patent Act will never be subject to review in an IPR. But that does not mean that the IPR will not significantly simplify the litigation both with respect to the invalidity issues that are addressed in the IPR and with respect to collateral matters such as claim construction and characterization of the state of the art on which the PTAB's expertise may be helpful in the district court proceeding.

2019 WL 3943058, at *10; *see also Neste Oil OYJ v. Dynamic Fuels LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *5 (D. Del. July 2, 2013) ("While the court recognizes that this case likely presents certain questions that simply cannot be addressed through *inter partes* review, it notes that the 'issue simplification' factor does not require complete overlap.").

At bottom, all 39 of the asserted claims are subject to IPR, with many of those claims under attack in more than one IPR and on multiple grounds. The Court and the parties will, at the very

6

least, benefit from an expanded intrinsic record. With five IPRs, however, the likelihood is that some or all of the claims will be invalidated, dramatically simplifying the issues for trial. And even if all of the asserted claims somehow survive scrutiny in the five IPRs, Myriad's proposed limited IPR estoppel will simplify the issues by removing 27 grounds of invalidity.

Ravgen relies on the existence of related litigation to argue against a stay, but the mere existence of related actions is not enough to warrant denial. Myriad's accused product is different than the other defendants' products, and thus the parties and the Court would have to prepare for a separate trial regardless. Ravgen argues that the "lysis" claims at issue in this case are also at issue in the other cases in this District. But Ravgen fails to address, much less rebut, that the "ratio" claims in the asserted patents are not at issue in this case, while they are at issue in other cases in this District. The different sets of asserted claims confirm how different Myriad's product is to other products accused of infringement.

### C. This Case Is In The Early Stages.

This factor is not neutral, as Ravgen contends. Instead, it weighs heavily in favor of granting a stay. The proper focus is on whether the "most burdensome stages of the case . . . all lie in the future." *Bio-Rad Labs, Inc. v. 10X Genomics, Inc.*, No. 18-1679-RGA, 2020 WL 2849989, at *1 (D. Del. June 2, 2020) (quotations and citation omitted).

Here, the only significant events that have occurred are the exchange of initial contentions and the service of one claim construction brief. The joint claim construction brief is not due until March 3, 2022 and a *Markman* hearing will not occur until April 12. D.I. 23 at 10-11. Given that the vast majority of the work in this case lies ahead of the parties and the Court, this case is at an appropriate juncture for a stay. Indeed, stays are favored where, as here, "document production is not substantially complete, no depositions have been taken, the *Markman* hearing has not yet been

7

conducted, expert discovery has not begun, and trial is more than a year away." *Bio-Rad Labs*, 2020 WL 2849989, at *1; *see also Stryker Corp. v. MicroVention, Inc.*, No. 21-36-CFC, D.I. 73 at 3 (D. Del. Dec. 13, 2021) (rejecting plaintiff's argument that the case was "well underway" where the court had not yet construed any of the disputed claim terms, neither party had taken any depositions, and expert discovery had not yet begun) (Ex. E).

The Court has yet to expend significant time or resources resolving discovery and claim construction disputes in this case, further favoring a stay. *See e.g.*, *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *5 (D. Del. Jan. 11, 2013) (noting that the stage of the case favored a stay, in part, because "even in the first half of the discovery period, aside from work on the pending motions, the Court has not had to devote significant resources to other case-related matters."); *SoftView LLC v. Apple, Inc.*, No. 10-389-LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) (finding that the status of the litigation did not favor a stay, even where the litigation remained at an "early stage," in part because the parties and the Court had devoted "[s]ubstantial time and resources . . . to scheduling and the resolution of discovery disputes" and to other pending motions). Finally, as noted previously, courts have stayed cases much farther along than this case. Opening Br. at 12.

Ravgen inexplicably contends that "in no event would the Court or parties' time be 'wasted' proceeding on parallel tracks in the PTAB and district court." Ans. Br. at 14. But that is exactly what would happen absent a stay. The IPRs will likely invalidate some or all of the asserted claims, making any time spent addressing those claims a wasted effort. If any claims survive, they will have a significantly expanded intrinsic record, making any time spent construing those claims on the current record (in this case or any other case in this District) further wasted effort: the losing party on the current record will undoubtedly try again on the expanded record. At bottom,

8

proceeding with this case would waste this Court's valuable time and resources. *Monterey Research LLC v. Nanya Tech. Corp.*, No. 19-2090-NQA, D.I. 84 at 1 n.1 (D. Del. June 25, 2021) ("Staying a case in its early stages advances judicial efficiency and prevents the court and the parties from expending resources on claims that may be rendered invalid.") (Ex. F). Proceeding with this case would also create new issues for the Court to resolve, such as whether Ravgen's litigation conduct after the PTAB began instituting IPRs renders this an exceptional case.

Ravgen tries to avoid a stay in this case by pointing to the other cases in the District, arguing that those cases share some common issues with this case. To the extent there are shared issues, however, they are likely to be simplified or eliminated by the five instituted IPRs for all the reasons explained above, and any resources the Court expends on those issues based on the current record are likely to be wasted. With respect to the issues that are not shared – and there are many given that Ravgen has asserted different claims against different defendants with different products – the other cases have no bearing on this case. Ravgen also assumes, without any basis, that the other defendants will not seek a stay after Illumina's petitions for IPR are decided in January.

Ravgen, moreover, has no response to the point in Myriad's opening brief that Ravgen is currently expending the resources of three U.S. District Courts while its asserted patents are under both IPR and *ex parte* reexamination review. There is no reason for such an expenditure of judicial resources on a company that waited a decade to assert its patents and has not moved for a preliminary injunction. Stay motions have now been filed in the Central District of California and Western District of Texas. This Court should grant the pending stay motion and not allow Ravgen to waste its time and resources while the PTAB completes the five instituted IPRs.

### III. CONCLUSION

For the reasons discussed in its Opening Brief and herein, Myriad respectfully requests that the Court stay this case.

Morris, Nichols, Arsht & Tunnell LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Peter J. Armenio
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
(212) 819-8200

Anne S. Toker
Quinn Emanuel Urquhart
   & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

December 20, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 20, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| John M. Desmarais, Esquire<br>Kerri-Ann Limbeek, Esquire<br>Jamie L. Kringstein, Esquire<br>Brian D. Matty, Esquire<br>Deborah J. Mariottini, Esquire<br>Jun Tong, Esquire<br>Joze Welsh, Esquire<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY  10169<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Peter Zhu, Esquire<br>DESMARAIS LLP<br>1701 Pennsylvania Ave. NW Suite 200<br>Washington DC, 20006<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)