IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAVGEN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1730 (RGA) (JLH) |
| | ) |
| MYRIAD GENETICS, INC. and | ) |
| MYRIAD WOMEN'S HEALTH, INC., | ) |
| | ) |
| Defendants. | ) |

**STIPULATION AND [PROPOSED] ORDER**

WHEREAS, the Court held a hearing on March 1, 2022 regarding Defendants Myriad Genetics, Inc. and Myriad Women's Health, Inc.'s (collectively, "Myriad's") Motion to Stay (D.I. 52) and the Notices of Joinder filed by all of the defendants in the related cases pending before the Court (collectively, "Defendants' Motions to Stay"); and

WHEREAS, during the hearing, the Court questioned counsel regarding the scope of Myriad's and the other non-petitioner defendants' proposed limited IPR estoppel in connection with the seven instituted *inter partes* reviews and one pending *inter partes* review of U.S. Patent Nos. 7,727,720 and 7,332,277 (IPR2021-00788, IPR2021-00791, IPR2021-00902, IPR2021-01026, IPR2021-01054, IPR2021-01271, IPR2021-01272, and IPR2021-01577 (collectively, "the IPR Proceedings")), which IPR Proceedings address every patent claim asserted by Ravgen against Myriad in this case. (*See, e.g.*, Transcript at 11:1-15:7; 36:15-37:23); and

WHEREAS, after considering all of the briefing and arguments related to Defendants' Motions to Stay, the Court granted those motions "subject to a stipulation by the non-petitioner defendants regarding estoppel that is consistent with what was represented today on the record." (Transcript at 44:18-22); and

WHEREAS, after explaining the bases for the Court's decision to grant Defendants' Motions to Stay, the Court ordered that: "Within seven days, the non-petitioner defendants need to file a stipulation of estoppel consistent with what was discussed on the record today, which I understood to mean that defendants were willing to stand on their invalidity contentions as charted minus the grounds at issue in the instituted IPRs.  There can be an exception for good cause, but I don't expect there to be any arguments going forward regarding what is and isn't fair grounds to raise in this court if the litigation continues." (Transcript at 48:2-13)

NOW, THEREFORE, IT IS HEREBY STIPULATED by Myriad, subject to the approval of the Court, that:  (1) Myriad is estopped from asserting in this case any of the specific grounds for invalidity asserted in any of the IPR Proceedings; and (2) absent an exception for good cause, Myriad is further estopped from asserting in this case any grounds for invalidity under 35 U.S.C. §§ 102 or 103 that Myriad has not already charted in its invalidity contentions served on Ravgen.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Sarah E. Simonetti (#6698)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
ssimonetti@morrisnichols.com

*Attorneys for Defendants Myriad Genetics, Inc. and Myriad Women's Health, Inc.*

March 8, 2022

SO ORDERED this \_\_\_ day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE
